UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                      Case No. 09-65895

CLEMENTS MANUFACTURING LIQUIDATION      Chapter 7
COMPANY, LLC,

                                                   Judge Thomas J. Tucker

        Debtor.
_____/

**OPINION REGARDING CHAPTER 7 TRUSTEE'S SETTLEMENT MOTION**

This case is before the Court on the motion by the Chapter 7 Trustee, filed December 21, 2015, entitled "Motion to Compromise and Settle the Estate's Interest in Adversary Case Nos. 10-06123-TJT and 10-07341-TJT" (Docket # 94, the "Motion). Three objections were filed to the Motion, by a total of four creditors,[1] and the Trustee then filed a reply brief in support of the Motion.[2] The Court held a hearing on the Motion on February 17, 2016, at which time the Court heard oral arguments from counsel for the Trustee, from counsel for the objecting creditors, and from counsel for the group of creditors supporting the Motion.[3] At the end of the hearing, the Court took the Motion under advisement.

One of the arguments made by the objecting creditors is that the Chapter 7 Trustee cannot assign to a creditor or group of creditors the Trustee's rights and powers to avoid and recover fraudulent transfers under 11 U.S.C. §§ 544, 548, and 550 (the "assignability issue"). If the

---

[1] Docket ## 96, 98, 99. The objecting creditors are: THB America, LLC ("THB") and Tianhai Electric North America, Inc. ("TENA"), objecting jointly; David Crawford; and Odyssey Electronics, Inc.

[2] Docket # 101.

[3] The supporting creditors are, jointly, Harold Zaima; Zaima Family LLC; Sakoma, LLC; and Kensa de Honduras S. De R.L. (collectively, the "Zaima Group").

objecting creditors are correct about this, the Court must deny the Motion. This is because the Motion seeks the Court's approval of a settlement in which the Trustee would assign such rights and powers, with respect to several alleged fraudulent transfers, to a creditor group (the Zaima Entities, as defined in footnote 3 above, or a specific Zaima entity designated by Harold Zaima), who could then pursue such claims on their own behalf, subject to a requirement to pay the bankruptcy estate 10% of all sums recovered, up to a maximum payment of $200,000.[4]

The Trustee disagrees with the objecting creditors on the assignability issue. Neither the Supreme Court nor the United States Court of Appeals for the Sixth Circuit has decided the issue. Nationwide, there is a split in the case law on the issue. On the one hand, there are some cases that favor the Trustee's view that avoidance actions are assignable. These include the following:

> 1. *The Cadle Co. v. Mims* (*In re Moore*), 608 F.3d 253, 259, 260-62 (5th Cir. 2010)(fraudulent transfer claims based on Texas law are property of the bankruptcy estate; bankruptcy trustee's avoidance rights under § 544(b) are property of the bankruptcy estate, which can be sold under Bankruptcy Code § 363).
>
> 2. *Duckor Spradling & Metzger v. Baum Trust* (*In re P.R.TC., Inc.*), 177 F.3d 774, 781-82 (9th Cir. 1999)(Chapter 7 trustee can assign avoiding powers to a creditor).

On the other hand, the objecting creditors cite the following cases, all of which favor their position:

> 1. *Official Comm. Of Unsecured Creditors v. Chinery* (*In re Cybergenics Corp.*), 226

---

[4] The proposed settlement in this case, therefore, is not an instance where a creditor is to be granted derivative standing, to pursue avoidance actions solely on behalf of the entire bankruptcy estate. *See generally In re Dzierzawski*, 518 B.R. 415 (Bankr. E.D. Mich. 2014)(granting such derivative standing to a creditor in a Chapter 7 case; applying the leading Sixth Circuit cases on that subject, *Canadian Pac. Forest Prods. Ltd. v. J.D. Irving, Ltd.* (*In re The Gibson Group, Inc.*), 66 F.3d 1436 (6th Cir. 1995) and *Hyundai Translead, Inc. v. Jackson Truck & Trailer Repair, Inc.* (*In re Trailer Source, Inc.*), 555 F.3d 231, 243-45 (6th Cir. 2009)).

F.3d 237, 244-45, (3rd Cir. 2000)(holding that state-law based fraudulent transfer claims, which a Chapter 11 debtor-in-possession can pursue on behalf of the bankruptcy estate using the trustee strong-arm powers of 11 U.S.C. § 544(b), was not an asset of the Chapter 11 debtor-in-possession, and therefore was not sold in a court-approved § 363 sale of all of the debtor's assets).

2. *In re Boyer*, 372 B.R. 102, 105-06 (D. Conn. 2007), *aff'd*, 328 Fed. Appx. 711 (2nd Cir. 2009)(Chapter 7 case; district court held that the "sale or assignment of avoidance claims" to a creditor "is not permitted if the creditor intends to pursue the claims on its own behalf;" by constrast, court recognized a concept akin to derivative standing, discussed in footnote 4 above, by which such sale or assignment may be permitted, "[i]f a creditor intends to pursue avoidance claims on behalf of the estate," and if certain requirements are met).

3. *In re Carragher*, 249 B.R. 817, 820 (Bankr. N.D. Ga. 2000)(Chapter 7 case; bankruptcy court held that "a trustee cannot sell a preference or fraudulent conveyance claim," and that a creditor cannot bring such a claim in lieu of a trustee "[a]bsent extraordinary circumstances" permitting derivative standing, discussed in footnote 4 above, in which the creditor prosecutes such a claim on behalf of the estate and certain other requirements are met).

4. *In re Parirokh*, DG 11-05409 (Bankr. W.D. Mich., May 2, 2013), Mem. Order Re Sale of Avoidance Actions (unpublished, copy attached as Ex. 1 to objecting creditor's brief (Docket # 96))(§ 544 avoidance actions are not property of the bankruptcy estate, and Chapter 7 trustee cannot sell them to a third party).

5. *McCarthy v. Navistar Fin'l. Corp.* (*In re Vogel Van & Storage, Inc.*), 210 B.R. 27, 32 (N.D.N.Y.1997)(except where a creditor is granted derivative standing to sue on behalf of the bankruptcy estate, "individual creditors cannot bring suits to avoid preferences on their own behalf. Rather, that power is exercisable only by the trustee or debtor-in-possession. Further, it is a well-settled principle that neither a trustee in bankruptcy, nor a debtor-in-possession, can assign, sell, or otherwise transfer the right to maintain a suit to avoid a preference.")(citations omitted).

6. *Met-al, Inc. v. Gabor* (*In re Metal Brokers Int'l., Inc.*), 225 B.R. 920, 923 (Bankr. E.D. Wis. 1998)(Chapter 7 trustee cannot validly assign preference and fraudulent transfer avoidance powers to a third party).

Having reviewed all the cases, and the arguments of the parties, the Court is persuaded that the objecting creditors' view of the law is correct. The Court therefore holds that the Chapter 7 Trustee in this case may not assign any of the avoidance actions/powers as he seeks to

3

do in the proposed settlement. It follows that the Court cannot approve the Trustee's proposed settlement.

For the reasons stated in this opinion, the Court will enter an order denying the Trustee's Motion.

**Signed on February 19, 2016**                    /s/ **Thomas J. Tucker**  
                                                   **Thomas J. Tucker**  
                                                   **United States Bankruptcy Judge**