# UNITED STATED BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION-DETROIT

**IN THE MATTER OF:**

CLEMENTS MANUFACTURING
LIQUIDATION COMPANY, L.L.C.,

     Debtor.

Case No.: 09-65895-TJT
Honorable Thomas J. Tucker
Chapter 7

_____/

CHARLES L. WELLS, III, CHAPTER 7 TRUSTEE

     PLAINTIFF.

          ADV CASE NO: 10-06123-TJT

v.

THB AMERICA, LLC, et al.,

     DEFENDANT.

_____/

HAROLD ZAIMA,

     PLAINTIFF.

          ADV CASE NO: 10-07341-TJT

ZAIMA FAMILY, LLC,

     PLAINTIFF.

SAKOMA, LLC,

     PLAINTIFF.

KENSA DE HONDURAS S. DE R.L.,

PLAINTIFF.

v.

CHINA AUTO ELECTRONICS GROUP LTD,

DEFENDANT.

HENAN TIANHAI ELECTRIC CO., LTD,

DEFENDANT.

HEBI TIANHAI HUANQJE ELECTRIC COMPANY, LTD,

DEFENDANT.

TIANHAI ELECTRIC NORTH AMERICA,
DEFENDANT.

THB AMERICA LLC,

DEFENDANT.

CHARLES L. WELLS, III, TRUSTEE,

DEFENDANT.

THB AMERICA LLC,

DEFENDANT.

CHARLES L. WELLS, III

CROSS CLAIMANT.

HAROLD ZAIMA,

CROSS DEFENDANT.

ZAIMA FAMILY, LLC,

2

CROSS DEFENDANT.

SAKOME, LLC,

CROSS DEFENDANT.

KENSA DE HONDURAS S. DE R.L.

CROSS DEFENDANT.

CHINA AUTO ELECTRONICS GROUP LTD.

CROSS DEFENDANT.

HENAN TANHAI ELECTRIC CO., LTD.

CROSS DEFENDANT.

HEBI TIANHAI HUANQJU ELECTRIC COMPANY, LTD.

CROSS DEFENDANT.

TIANHAI ELECTRIC NORTH AMERICA,

CROSS DEFENDANT.

THB AMERICA LLC,

CROSS DEFENDANT.

CHARELS L. WELLS, III,

CROSS DEFENDANT.
_____/

**MOTION TO COMPROMISE AND SETTLE**
**ADVERSARY CASE NOS. 10-06123-TJT AND 10-07341-TJT**

**NOW COMES** Chapter 7 Trustee, Charles L. Wells, III, by and through counsel, Kilpatrick & Associates, P.C., and for his Motion to Compromise and Settle Adversary Case Nos. 10-06123-TJT and 10-731-TJT, states as follows:

1.     Clements Manufacturing Liquidation Company, L.L.C. ("Debtor") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on August 20, 2009.

2.     Charles L. Wells, III ("Trustee") was appointed the duly qualified and acting trustee of the bankruptcy estate.

3.     The Court has jurisdiction over this matter pursuant to 28 U.S.C §157 (a) and 28 U.S.C. §1334.

4.     This matter is a core proceeding pursuant to 28 U.S.C §§157(b) (1) and (b) (2) (B).

5.     The Trustee brings this Motion pursuant to Fed. R. Civ. P. 9019 and L.B.R. 9014-1 (E.D.M.).

6.     Two adversary proceedings have been brought in this matter:

    A.     The first adversary proceeding was filed by the Trustee on July 13, 2010, against THB America, L.L.C., Tianhai Electric North America Inc., and Sakoma L.L.C., to recover receivables allegedly of the Debtor from THB America, L.L.C. and Tianhai Electric North America, Inc.   Second, the Trustee filed the

4

adversary to avoid an alleged transfer of assets to Sakoma L.L.C. This adversary proceeding was assigned Adversary Case No. 10-06123-TJT and is referred to herein as the "Receivables Adversary."

B. The second adversary proceeding was filed on November 18, 2010, after certain litigation commenced in the Oakland County Circuit Court for the State of Michigan was removed to the Bankruptcy Court. This case was assigned Adversary Case No. 10-07341-TJT and is referred to herein as the "Oakland County Case Adversary," as it is based upon the Oakland County Circuit Court litigation ("OCCC Litigation") in which Harold Zaima, Zaima Family L.L.C., Sakoma, L.L.C., and Kensa de Honduras S. de R.L. ("Zaima Entities") filed an action against China Auto Electronics Group Ltd., Henan Tianhai Electric Co. Ltd., Electric North America Inc., Hebi Tianhai Huanqiu Electric Company Ltd., THB America, L.L.C., and Tianhai Electric Group Corporation ("Chinese Entities").

7. On December 20, 2010, the Trustee filed a Cross Claim against the Chinese Entities and against the Zaima Entities in the Oakland County Case Adversary.

5

8.     The Bankruptcy Estate includes the Oakland County Case Adversary and the Receivables Adversary.

9.     The Trustee and the Zaima Entities have concluded that it is beneficial to settle the existing claims between them on terms that are fair and reasonable.

10.     On June 29, 2016, the Trustee and the Zaima Entities filed a Notice of Pending Settlement for both the Oakland County Case Adversary and the Receivables Adversary.[1]

11.     On July 1, 2016, the Court ordered the Trustee to file a Motion for Approval of Settlement under Federal R. Bankr. 9019.[2] The Motion for Approval of Settlement is now due on August 13, 2016.[3]

12.     The Trustee and the Zaima Entities have prepared and agreed on a written Settlement Agreement and Release, which is attached hereto as Exhibit 5.

13.     By the Settlement Agreement and Release, the Trustee and Zaima Entities have agreed to settle all causes of action held by the Bankruptcy Estate in the Receivables Adversary and the Oakland County Case Adversary against the Zaima Entities, on the following principal terms and conditions:

      A.     The Trustee will dismiss all causes of action against the Zaima Entities that are pending in the Receivables Adversary and the

---

[1] See Adv. Pro. Case No. 10-07341, Doc. 75 (also providing notice for Adv. Pro. Case No. 10-6123).
[2] See Adv. Pro. Case No. 10-07341, Doc. 76; Adv. Pro. Case No. 10-6123, Doc. 253.
[3] See Adv. Pro. Case No. 10-07341, Docs. 78 & 80; Adv. Pro. Case No. 10-6123, Docs. 255 & 259.

Oakland County Case Adversary with prejudice, and will release the Zaima Entities from any claims held by the Estate.

B.    The Trustee will request that the Bankruptcy Court hold in abeyance the Trustee's causes of action against the Chinese Entities that are pending in the Receivables Adversary and the Oakland County Case Adversary pending entry of a final, non-appealable, judgment as to the Zaima Entities' claims against the Chinese Entities in the OCCC Litigation. The entry of an order holding the Trustee's claims against the Chinese Entities in abeyance is a prerequisite of the settlement. After entry of a final, non-appealable, judgment as to the Zaima Entities' claims against the Chinese Entities in the OCCC Litigation, the Trustee will dismiss his claims against the Chinese Entities with prejudice (except for his claim and interest in the interpleaded funds held by the Sanilac County Circuit Court).

C.    The Trustee will concur in the remand from the Bankruptcy Court to the Oakland County Circuit Court of all claims and causes of action by and between the Zaima Entities and the Chinese Entities in the OCCC Litigation. The entry of an order remanding the aforementioned claims to the Oakland County Circuit Court is a prerequisite of the settlement.

D.    The Zaima Entities will assign to the Trustee/Bankruptcy Estate 20% of any settlement or judgment funds obtained, recovered, and collected by the Zaima Entities against the Chinese Entities in the OCCC Litigation, with such assignment not to exceed $300,000 of any settlement or judgment funds so obtained, recovered, and collected.

E.    The Trustee may monitor the OCCC Litigation and assert any interests if he believes necessary to enforce the assignment of litigation proceeds or if he believes there has been a failure to prosecute any claims held by the Zaima Entities against the Chinese Entities included in the OCCC Litigation (aside from the dismissal of any claims as a result of a settlement or ruling by the Oakland County Circuit Court).

7

F. The Zaima Entities will release any interest held by the Zaima Entities in the interpleaded funds from the Sanilac County Circuit Court. The Zaima Entities will make no claims on such funds, but will not act as guarantors of those funds or indemnify the Estate in the dispute between the Estate and the Chinese Entities over those funds.

G. The Estate will retain all liabilities for all causes of action asserted by the Chinese Entities against the Debtor in the Oakland County Case Adversary. The presence of such claims will not affect the immediate remand from the Bankruptcy Court to the Oakland County Circuit Court of all claims by and between the Zaima Entities and the Chinese Entities in the OCCC Litigation.

H. The Trustee will permit and allow Harold Zaima's Proof of Claim No. 9 in the main Bankruptcy Case No. 09-65895-TJT as a general unsecured claim in the amount of $471,250.00, will not object to said Proof of Claim, and will take any other reasonable action to ensure that said Proof of Claim be allowed.

I. If the Zaima Entities fail to pay the Estate the assigned litigation proceeds obtained through the OCCC Litigation within 30 days from the date of receipt, collection, and recovery by the Zaima Entities from the Chinese Entities, the Trustee may file an affidavit of non-compliance with the Court and a Judgment, which can be collected utilizing any and all remedies under federal or state law, will be entered in favor of the Trustee and against the Zaima Entities, jointly and severally in an amount equivalent to 20% of any settlement or judgment funds obtained, recovered, and collected by the Zaima Entities against the Chinese Entities in the OCCC Litigation, but not to exceed $300,000, less any money already paid to the Trustee by or on behalf of the Zaima Entities, with post judgment interest accruing at the federal judgment interest rate.

14. The Trustee, in exercise of sound business judgment pursuant, and concomitant with his duty to reduce to money all property of the Bankruptcy Estate

8

as "quickly and expeditiously as possible as is compatible with the best interest of the parties in interest,"[4] recommends approval of the Settlement Agreement and Release because it is in the best interests of the Creditors of the Bankruptcy Estate.

15.    Acceptance of this compromise will avoid the costs of litigating the Adversary Proceedings with the attendant risk of litigation.

16.    The Trustee did not seek concurrence in the relief from all creditors in accordance with L.B.R. 9014-1(g) because concurrence would be impractical.

**WHEREFORE,** Chapter 7 Trustee, Charles L. Wells, II, respectfully requests that the Court grant the Trustee's Motion to Compromise and Settle Estate's Interest in Adversary Case Nos. 10-06123-TJT and 10-07341-TJT, and enter the Order attached hereto as Exhibit 1.

Respectfully Submitted,

KILPATRICK & ASSOCIATES, P.C.

/s/Richardo I. Kilpatrick
Richardo I. Kilpatrick (P35275)
Bonita S. Hoffman (P48738)
*Attorneys for Chapter 7 Trustee,*
*Charles L. Wells, III*
903 N. Opdyke Road, Suite C
Auburn Hills, MI 48326
(248) 377-0700
ecf@kaalaw.com

Dated: August 12, 2016

---

[4] 28 U.S.C. § 704(a)(1).

**EXHIBIT 1**

# UNITED STATED BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION-DETROIT

IN THE MATTER OF:

CLEMENTS MANUFACTURING
LIQUIDATION COMPANY, L.L.C.,

     Debtor.

Case No.: 09-65895-TJT
Honorable Thomas J. Tucker
Chapter 7

_____/

CHARLES L. WELLS, III, CHAPTER 7 TRUSTEE

     PLAINTIFF.

ADV CASE NO: 10-06123-TJT

v.

THB AMERICA, LLC, et al.,

     DEFENDANT.


_____/


HAROLD ZAIMA,

     PLAINTIFF.

ADV CASE NO: 10-07341-TJT

ZAIMA FAMILY, LLC,

     PLAINTIFF.

SAKOMA, LLC,

     PLAINTIFF.

KENSA DE HONDURAS S. DE R.L.,

PLAINTIFF.

v.

CHINA AUTO ELECTRONICS GROUP LTD,

DEFENDANT.

HENAN TIANHAI ELECTRIC CO., LTD,

DEFENDANT.

HEBI TIANHAI HUANQJE ELECTRIC COMPANY, LTD,

DEFENDANT.

TIANHAI ELECTRIC NORTH AMERICA,
DEFENDANT.

THB AMERICA LLC,

DEFENDANT.

CHARLES L. WELLS, III, TRUSTEE,

DEFENDANT.

THB AMERICA LLC,

DEFENDANT.

CHARLES L. WELLS, III

CROSS CLAIMANT.

HAROLD ZAIMA,

CROSS DEFENDANT.

ZAIMA FAMILY, LLC,

CROSS DEFENDANT.

SAKOME, LLC,

CROSS DEFENDANT.

KENSA DE HONDURAS S. DE R.L.

CROSS DEFENDANT.

CHINA AUTO ELECTRONICS GROUP LTD.

CROSS DEFENDANT.

HENAN TANHAI ELECTRIC CO., LTD.

CROSS DEFENDANT.

HEBI TIANHAI HUANQJU ELECTRIC COMPANY, LTD.

CROSS DEFENDANT.

TIANHAI ELECTRIC NORTH AMERICA,

CROSS DEFENDANT.

THB AMERICA LLC,

CROSS DEFENDANT.

CHARELS L. WELLS, III,

CROSS DEFENDANT.

_____/

**ORDER GRANTING TRUSTEE'S MOTION TO COMPROMISE
AND SETTLE ADVERSARY CASE NOS. 10-06123-TJT AND 10-07341-TJT**

This matter having coming before the Court on the Trustee's Motion to Compromise and Settle Estate's Interest in Adversary Case Nos. 10-06123-TJT and 10-07341-TJT; Notice of the Motion having been served on all parties pursuant to Fed. R. Bankr. P. 2002 and L.B.R. 9014-1 (E.D.M.); no objections having been filed thereto, or if filed, having been resolved; and the Court being otherwise fully advised in the premises;

**IT IS HEREBY ORDERED** that the Trustee's Motion to Compromise and Settle Estate's Interest in Adversary Case Nos. 10-06123-TJT ("Receivables Adversary") and 10-07341-TJT ("Oakland County Case Adversary") is granted;

**IT IS FURTHER ORDERED** that Chapter 7 Trustee, Charles L. Wells, III, is authorized to compromise and settle all causes of action asserted by the Estate of Debtor Clements Manufacturing Liquidation Company L.L.C. (hereinafter collectively "Trustee" or "Estate") against Harold Zaima, Zaima Family LLC, Sakoma LLC and Kensa de Honduras S. de R.L. ("Zaima Entities") in the Receivables Adversary and the Oakland County Case Adversary on all of the terms and conditions of the Settlement and Release Agreement attached as Exhibit 5 to the Trustee's Motion to Compromise.

**IT IS FURTHER ORDERED** that, as provided in said Settlement and Release Agreement:

A.   All causes of action, including all counts, claims, counterclaims and cross-claims, asserted by the Trustee against the Zaima Entities that

are pending in the Receivables Adversary (Adv. Pro. No. 10-06123-TJT) and the Oakland County Case Adversary (Adv. Pro. No. 10-07341-TJT) are hereby dismissed with prejudice.

B. All claims and causes of action by and between the Zaima Entities and the Chinese Entities in the Oakland County Case Adversary (Adv. Pro. No. 10-07341-TJT), including all counts, claims, and causes of action asserted therein, are hereby remanded to the Oakland County Circuit Court and shall resume in the Oakland County Circuit Court at Case No. 09-101450-CB ("OCCC Litigation").

C. All causes of action asserted by the Trustee against the Chinese Entities that are pending in the Receivables Adversary (Adv. Pro. No. 10-06123-TJT) and the Oakland County Case Adversary (Adv. Pro. No. 10-07341-TJT) are hereby held in abeyance pending entry of a final, non-appealable judgment as to the Zaima Entities' claims against the Chinese Entities in the Oakland County Circuit Court Case No. 09-101450-CB ("OCCC Litigation"). The entry of this Order holding all of the Trustee's claims against the Chinese Entities in abeyance shall have no impact on the OCCC Litigation, and shall have no claim- or issue-preclusive, res judicata, or collateral estoppel effect on the claims asserted by the Zaima Entities against the Chinese Entities in the OCCC Litigation. Further, the OCCC Litigation shall be binding on the Trustee's claims.

D. The Zaima Entities shall assign to the Trustee/Estate 20% (twenty percent) of any settlement or judgment funds obtained, recovered, and collected by the Zaima Entities against China Auto Electronics Group Ltd, Henan Tianhai Electric Co., Ltd., Tianhai Electric North America Inc., Hebi Tianhai Huanqiu Electric Company, Ltd., THB America LLC, and Tianhai Electric Group Corporation ("Chinese Entities") in the OCCC Litigation, with such assignment not to exceed $300,000 (three hundred thousand dollars) of any settlement or judgment funds so obtained, recovered, and collected ("Assignment of Litigation Proceeds").

E. Upon entry of a final, non-appealable, judgment as to the Zaima Entities' claims against the Chinese Entities in the OCCC Litigation, the Trustee shall dismiss his claims against the Chinese Entities with prejudice (except for the Trustee's claim and interest in the

interpleaded funds from the Sanilac County Circuit Court, which were subject to a prior motion to compromise, Doc. 77, in case no. 09-65895).

F.     The Zaima Entities shall release any interest they hold in the interpleaded funds from the Sanilac County Circuit Court. The Zaima Entities shall make no claims on such funds, but do not act as guarantors of those funds or indemnify Debtor's Estate in the dispute between Debtor's Estate and the Chinese Entities over those funds. Further, the funds from the Sanilac County Circuit Court shall not be considered part of the Assignment of Litigation Proceeds. The Estate shall retain all claims and obligations to defend the interpleaded funds from the Sanilac County Circuit Court. The issue of these interpleaded funds shall not affect or delay the immediate remand of the claims referenced in subparagraph B to the Oakland County Circuit Court and shall not have any claim- or issue-preclusive, res judicata, or collateral estoppel effect on the claims asserted by the Zaima Entities against the Chinese Entities in the OCCC Litigation.

G.     The Trustee shall permit and allow Harold Zaima's Proof of Claim No. 9 in the main Bankruptcy Case No. 09-65895-TJT as a general unsecured claim in the amount of $471,250. The Trustee will not object to said Proof of Claim and will take any other reasonable action to ensure said Proof of Claim be allowed.

H.     The Trustee/Estate shall release the Zaima Entities from any and all claims and liabilities of any kind, whether known or unknown, that the Trustee/Estate had, has, or may have against the Zaima Entities.

I.     If the Zaima Entities fail to pay the Estate the Assignment of Litigation Proceeds obtained through the OCCC Litigation within 30 days from the date of receipt, collection, and recovery by the Zaima Entities from the Chinese Entities, the Trustee may file an affidavit of non-compliance with the Court and a judgment, which can be collected utilizing any and all remedies under federal or state law, shall be entered in favor of the Trustee and against the Zaima Entities, jointly and severally in an amount equivalent to 20% (twenty percent) of any settlement or judgment funds obtained, recovered, and collected by the Zaima Entities against the Chinese Entities in the OCCC Litigation, but not to exceed $300,000 (three hundred thousand

dollars), less any money already paid to the Trustee by or on behalf of the Zaima Entities, with post judgment interest accruing at the federal judgment interest rate.

## UNITED STATED BANKRUPTCY COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION-DETROIT

IN THE MATTER OF:

CLEMENTS MANUFACTURING
LIQUIDATION COMPANY, L.L.C.,

     Debtor.

_____/

Case No.: 09-65895-TJT
Honorable Thomas J. Tucker
Chapter 7

CHARLES L. WELLS, III, CHAPTER 7 TRUSTEE

     PLAINTIFF.

ADV CASE NO: 10-06123-TJT

v.

THB AMERICA, LLC, et al.,

     DEFENDANT.


_____/


HAROLD ZAIMA,

     PLAINTIFF.

ADV CASE NO: 10-07341-TJT

ZAIMA FAMILY, LLC,

     PLAINTIFF.

SAKOMA, LLC,

     PLAINTIFF.

KENSA DE HONDURAS S. DE R.L.,

PLAINTIFF.

v.

CHINA AUTO ELECTRONICS GROUP LTD,

DEFENDANT.

HENAN TIANHAI ELECTRIC CO., LTD,

DEFENDANT.

HEBI TIANHAI HUANQJE ELECTRIC COMPANY, LTD,

DEFENDANT.

TIANHAI ELECTRIC NORTH AMERICA,
DEFENDANT.

THB AMERICA LLC,

DEFENDANT.

CHARLES L. WELLS, III, TRUSTEE,

DEFENDANT.

THB AMERICA LLC,

DEFENDANT.

CHARLES L. WELLS, III

CROSS CLAIMANT.

HAROLD ZAIMA,

CROSS DEFENDANT.

ZAIMA FAMILY, LLC,

2

CROSS DEFENDANT.

SAKOME, LLC,

CROSS DEFENDANT.

KENSA DE HONDURAS S. DE R.L.

CROSS DEFENDANT.

CHINA AUTO ELECTRONICS GROUP LTD.

CROSS DEFENDANT.

HENAN TANHAI ELECTRIC CO., LTD.

CROSS DEFENDANT.

HEBI TIANHAI HUANQJU ELECTRIC COMPANY, LTD.

CROSS DEFENDANT.

TIANHAI ELECTRIC NORTH AMERICA,

CROSS DEFENDANT.

THB AMERICA LLC,

CROSS DEFENDANT.

CHARELS L. WELLS, III,

CROSS DEFENDANT.

_____/

## BRIEF IN SUPPORT OF TRUSTEE'S MOTION TO COMPROMISE
## AND SETTLE ADVERSARY CASE NOS. 10-06123-TJT AND 10-07341-TJT

3

## I.  Introduction

Charles L. Wells, III, the Chapter 7 Trustee ("Trustee") in this matter, has filed a Motion to Compromise and Settle Adversary Case Nos. 10-06123-TJT and 10-07341-TJT. The Trustee is asking the Court to approve a proposed settlement that is in the best interests of the parties to the Bankruptcy Proceeding and the Adversary Proceedings. The proposed Settlement and Release Agreement, attached hereto as Exhibit 5, allows the Trustee to expeditiously and effectively collect money to pay the creditors consistent with the Trustee's legal obligations.[1] If approved by the Court, the proposed settlement would allow the Trustee to resolve two complex adversarial proceedings involving numerous national and international companies that have done business with the Debtor. The Court's approval of the settlement would also short-circuit a lengthy and unduly burdensome collection process.

## II.  Adversary Proceeding 10-06123-TJT ("Receivables Adversary")

Clements Manufacturing Company, L.L.C. ("Clements") is the Debtor in this matter.   Clements is a Michigan Corporation engaged in the business of manufacturing various automotive components that are sold to both domestic and foreign companies.   As a result of Clements's business dealings with other companies, the Trustee alleges that Clements has accounts receivable which are allegedly property of the Bankruptcy Estate that could be liquidated to pay creditors.

---

[1] 28 U.S.C. § 704(a)(1).

Those receivables are allegedly owed to Clements from Defendants THB America, L.L.C. and Tianhai Electric North America, Inc. in this litigation. The Trustee has brought suit in this adversary proceeding seeking to collect those receivables. In addition, the Trustee has alleged that Clements made transfers of assets to Sakoma, L.L.C., in connection with an Asset Purchase Agreement. The Trustee is seeking to void the alleged transfers for the benefit of the Estate.

### III. Adversary Proceeding 10-0734-TJT ("Oakland County Case Adversary") and the Oakland County Litigation ("OCCC Litigation")

The second adversary proceeding was filed on November 18, 2010, after certain litigation commenced in the Oakland County Circuit Court for the State of Michigan was removed to the Bankruptcy Court. This case was assigned Adversary Case No. 10-07341-TJT ("Oakland County Case Adversary") and is based upon the Oakland County Circuit Court litigation ("OCCC Litigation") in which Harold Zaima, Zaima Family L.L.C., Sakoma, L.L.C., and Kensa de Honduras S. de R.L. ("Zaima Entities") filed an action against China Auto Electronics Group Ltd., Henan Tianhai Electric Co. Ltd., Electric North America Inc., Hebi Tianhai Huanqiu Electric Company Ltd., THB America L.L.C., and Tianhai Electric Group Corporation ("Chinese Entities").

The Plaintiffs in the OCCC Litigation are the Zaima Entities, and the Defendants in the OCCC Litigation are the Chinese Entities. The Chinese Entities filed counterclaims against the Zaima Entities in the OCCC Litigation. Pursuant to

the Bankruptcy Court's October 12, 2010 lift-stay order, on November 2, 2010 the Chinese Entities filed a Third Party Complaint against the Debtor and Trustee in the OCCC Litigation, which was then removed to the Bankruptcy Court. After the OCCC Litigation was removed from Oakland County Circuit Court to the Bankruptcy Court, the Trustee brought this Adversary Proceeding. On December 20, 2010, the Trustee filed a Cross Claim against the Chinese Entities and against the Zaima Entities in the Oakland County Case Adversary.

## IV.    The Proposed Settlement

The Trustee and the Zaima Entities have prepared and agreed on a written Settlement Agreement and Release, attached hereto as Exhibit 5, whereby the Trustee and the Zaima Entities will settle all causes of action held by the Bankruptcy Estate in the Receivables Adversary and the Oakland County Case Adversary against the Zaima Entities. The Settlement Agreement and Release contains the following principal terms and conditions:

> A.    The Trustee will dismiss all causes of action against the Zaima Entities that are pending in the Receivables Adversary and the Oakland County Case Adversary with prejudice, and will release the Zaima Entities from any claims held by the Estate.

> B.    The Trustee will request that the Bankruptcy Court hold in abeyance the Trustee's causes of action against the Chinese Entities that are pending in the Receivables Adversary and the Oakland County Case Adversary pending entry of a final, non-appealable, judgment as to the Zaima Entities' claims against the Chinese Entities in the OCCC Litigation. The entry of an order holding the Trustee's claims against the Chinese Entities in

6

abeyance is a prerequisite of the settlement. After entry of a final, non-appealable, judgment as to the Zaima Entities' claims against the Chinese Entities in the OCCC Litigation, the Trustee will dismiss his claims against the Chinese Entities with prejudice (except for his claim and interest in the interpleaded funds held by the Sanilac County Circuit Court).

C.   The Trustee will concur in the remand from the Bankruptcy Court to the Oakland County Circuit Court of all claims and causes of action by and between the Zaima Entities and the Chinese Entities in the OCCC Litigation. The entry of an order remanding the aforementioned claims to the Oakland County Circuit Court is a prerequisite of the settlement.

D.   The Zaima Entities will assign to the Trustee/Bankruptcy Estate 20% of any settlement or judgment funds obtained, recovered, and collected by the Zaima Entities against the Chinese Entities in the OCCC Litigation, with such assignment not to exceed $300,000 of any settlement or judgment funds so obtained, recovered, and collected.

E.   The Trustee may monitor the OCCC Litigation and assert any interests if he believes necessary to enforce the assignment of litigation proceeds or if he believes there has been a failure to prosecute any claims held by the Zaima Entities against the Chinese Entities included in the OCCC Litigation (aside from the dismissal of any claims as a result of a settlement or ruling by the Oakland County Circuit Court).

F.   The Zaima Entities will release any interest held by the Zaima Entities in the interpleaded funds from the Sanilac County Circuit Court. The Zaima Entities will make no claims on such funds, but will not act as guarantors of those funds or indemnify the Estate in the dispute between the Estate and the Chinese Entities over those funds.

G.   The Estate will retain all liabilities for all causes of action asserted by the Chinese Entities against the Debtor in the Oakland County Case Adversary. The presence of such claims

7

will not affect the immediate remand from the Bankruptcy Court to the Oakland County Circuit Court of all claims by and between the Zaima Entities and the Chinese Entities in the OCCC Litigation.

H.     The Trustee will permit and allow Harold Zaima's Proof of Claim No. 9 in the main Bankruptcy Case No. 09-65895-TJT as a general unsecured claim in the amount of $471,250.00, will not object to said Proof of Claim, and will take any other reasonable action to ensure that said Proof of Claim be allowed.

I.     If the Zaima Entities fail to pay the Estate the assigned litigation proceeds obtained through the OCCC Litigation within 30 days from the date of receipt, collection, and recovery by the Zaima Entities from the Chinese Entities, the Trustee may file an affidavit of non-compliance with the Court and a Judgment, which can be collected utilizing any and all remedies under federal or state law, will be entered in favor of the Trustee and against the Zaima Entities, jointly and severally in an amount equivalent to 20% of any settlement or judgment funds obtained, recovered, and collected by the Zaima Entities against the Chinese Entities in the OCCC Litigation, but not to exceed $300,000, less any money already paid to the Trustee by or on behalf of the Zaima Entities, with post judgment interest accruing at the federal judgment interest rate.

## V.    <u>The Proposed Settlement Is Fair and Equitable</u>

Before approving a proposed settlement, the Court must find that the settlement is "fair and equitable" based upon an educated estimate of the complexity, duration, and expenses of litigation balanced against the likely reward of the

litigation for the benefit of the Bankruptcy Estate.[2] A four-part test is typically employed to perform this analysis.[3] The factors to be considered are:

(1) The probability of success in the litigation;

(2) The difficulties, if any, to be encountered in the matter of collection;

(3) The complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it; and

(4) The paramount interest of the creditors and proper deference to their reasonable views of the premises involved in the litigation.[4]

The proposed settlement is "fair and equitable" under these factors.

As a result of the Settlement, the Estate will not incur the cost and uncertainty of litigating the fraudulent transfer claims against the Zaima Entities, the receivables claims against the Chinese Entities, and the avoidance actions against the Chinese Entities. Litigating these matters through trial and judgment would be extensive and complex, given, among other things, the number of parties involved, the intertwined relationships between the various counts and the elements of proof, the nature of the evidence available, and the complexity of proving liability and damages, including through extensive use of witness experts. Indeed, the proofs on all issues over which the Court has jurisdiction would be lengthy and span multiple weeks of testimony.

---

[2] *Protective Committee v. Anderson*, 300 U.S. 414, 424 (1968).
[3] *In re Justice Oak, II, Ltd.*, 898 F. 2d 1544, 1549 (11th Cir. 1990); *In re Southern Medical Arts Companies*, 243 B.R. 250 (10th Cir. BAP 2006); *In re Kopexa Realty Venture Co.*, 213 B.R. 1020, 1022 (10th Cir. BAP 1997).
[4] *Id.*

Further, both adversary proceedings seek to collect receivables from multiple domestic and foreign corporations as well as avoid alleged transfers to domestic and foreign corporations. The process of ultimately collecting the assets to be derived from a judgment would involve extensive collections litigation in state and federal court that could continue for many years. The Trustee tasked with the obligation of expeditiously and effectively collecting the assets of the Estate is exercising sound business judgment by recommending the settlement agreement proposed in this matter.

The Trustee must consider the total cost of litigation and collections against the possible recovery. Only if the Trustee actually collects more from a judgment than the total cost does the Estate receive a benefit. Given the facts, the proposed Settlement is fair and equitable. In the absence of the Settlement, the Estate would be pursuing highly complex and costly litigation with the potential for no recovery.

## VI.  **Conclusion**

For all the reasons stated above, Chapter 7 Trustee, Charles L. Wells, II, respectfully requests that the Court grant the Trustee's Motion to Compromise and Settle Estate's Interest in Adversary Case Nos. 10-06123-TJT and 10-07341-TJT, and enter the Order attached hereto as Exhibit 1.

Respectfully Submitted,

KILPATRICK & ASSOCIATES, P.C.

By: /s/ Richardo I. Kilpatrick
    Richardo I. Kilpatrick (P35275)
    Bonita S. Hoffman (P48738)
    *Attorneys for Chapter 7 Trustee,*
    *Charles L. Wells, III*
    903 N. Opdyke Road, Suite C
    Auburn Hills, MI 48326
    (248) 377-0700
    ecf@kaalaw.com

Dated: August 12, 2016

11

# UNITED STATED BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION-DETROIT

IN THE MATTER OF:

CLEMENTS MANUFACTURING
LIQUIDATION COMPANY, L.L.C.,

Case No.: 09-65895-TJT
Honorable Thomas J. Tucker
Chapter 7

      Debtor.

_____/

CHARLES L. WELLS, III, CHAPTER 7 TRUSTEE

      PLAINTIFF.                ADV CASE NO: 10-06123-TJT

v.

THB AMERICA, LLC, et al.,

      DEFENDANT.

_____/

HAROLD ZAIMA,

      PLAINTIFF.                ADV CASE NO: 10-07341-TJT

ZAIMA FAMILY, LLC,

      PLAINTIFF.

SAKOMA, LLC,

      PLAINTIFF.

KENSA DE HONDURAS S. DE R.L.,

PLAINTIFF.

v.

CHINA AUTO ELECTRONICS GROUP LTD,

DEFENDANT.

HENAN TIANHAI ELECTRIC CO., LTD,

DEFENDANT.

HEBI TIANHAI HUANQJE ELECTRIC COMPANY, LTD,

DEFENDANT.

TIANHAI ELECTRIC NORTH AMERICA,
DEFENDANT.

THB AMERICA LLC,

DEFENDANT.

CHARLES L. WELLS, III, TRUSTEE,

DEFENDANT.

THB AMERICA LLC,

DEFENDANT.

CHARLES L. WELLS, III

CROSS CLAIMANT.

HAROLD ZAIMA,

CROSS DEFENDANT.

ZAIMA FAMILY, LLC,

     CROSS DEFENDANT.

SAKOME, LLC,

     CROSS DEFENDANT.

KENSA DE HONDURAS S. DE R.L.

     CROSS DEFENDANT.

CHINA AUTO ELECTRONICS GROUP LTD.

     CROSS DEFENDANT.

HENAN TANHAI ELECTRIC CO., LTD.

     CROSS DEFENDANT.

HEBI TIANHAI HUANQJU ELECTRIC COMPANY, LTD.

     CROSS DEFENDANT.

TIANHAI ELECTRIC NORTH AMERICA,

     CROSS DEFENDANT.

THB AMERICA LLC,

     CROSS DEFENDANT.

CHARELS L. WELLS, III,

     CROSS DEFENDANT.

_____/

## NOTICE OF TRUSTEE'S MOTION TO COMPROMISE AND SETTLE ADVERSARY CASE NOS. 10-06123-TJT AND 10-07341-TJT

Chapter 7 Trustee, Charles L. Wells, III, has filed a Motion to Compromise and Settle Adversary Case Nos. 10-06123-TJT and 10-07341-TJT, for the assignment of litigation proceeds and other relief, as more fully stated in the Motion to Compromise and Settle which was filed with Court on August 12, 2016.

The Motion to Compromise and Settle, if granted, would allow the Trustee to settle the above-referenced adversary cases subject to certain terms and limitations. All causes of action by the Trustee against Harold Zaima, Zaima Family L.L.C., Sakoma, L.L.C., and Kensa de Honduras S. de. R.L. ("Zaima Entities") will be dismissed with prejudice. All claims and causes of action by and between the Zaima Entities and the Chinese Entities in Adversary Case No. 10-07341-TJT will be remanded to the Oakland County Circuit Court and will resume in the Oakland County Circuit Court at Case No. 09-101450-CB ("OCCC Litigation"). All causes of action asserted by the Trustee against China Auto Electronics Group Ltd, Henan Tianhai Electric Co., Ltd., Tianhai Electric North America Inc., Hebi Tianhai Huanqiu Electric Company, Ltd., THB America LLC, and Tianhai Electric Group Corporation ("Chinese Entities") will be held in abeyance pending entry of a final, non-appealable judgment as to the Zaima Entities' claims against the Chinese Entities in Oakland County Circuit Court Case No. 09-101450-CB ("OCCC Litigation"). The Zaima Entities will release any interest they hold in the interpleaded funds from the Sanilac County Circuit Court.

The Zaima Entities will assign to the Trustee/Estate 20% of any settlement or judgment funds obtained, recovered, and collected by the Zaima Entities against the Chinese Entities in the OCCC Litigation, with such assignment not to exceed $300,000 of any settlement or judgment funds so obtained, recovered, and collected. Upon entry of a final, non-appealable, judgment as to the Zaima Entities' claims against the Chinese Entities in the OCCC Litigation, the Trustee will dismiss his claims against the Chinese Entities with prejudice.

Please see the Motion for Authority to Compromise and Settle for additional information on the proposed settlement.

**YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views on the Motion, within 21 (twenty-one) days, you or your attorney must file a written response or answer with the Court that explains your position on the Motion. Your written response[1] must be filed with the Court at: United States Bankruptcy Court, 211 West Fort Street, Suite 2100, Detroit, Michigan 48226.

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

---

[1] Response or answer must comply with Fed. R. Civ. P. 8(b), (c), and (e).

You must also mail a copy of your written response or answer and any accompanying documents to the following individuals:

1. Richardo I. Kilpatrick, Attorney for Trustee, Kilpatrick & Associates, P.C., 903 N. Opdyke Road, Suite C, Auburn Hills, MI 48326;

2. Office of the U.S. Trustee, 211 West Fort Street, Suite 700, Detroit, MI 48226; and

3. Emily E. Hughes, The Miller Law Firm, P.C., 950 West University Drive, Suite 300, Rochester, MI 48307; and Mark C. Rossman and Brian M. Saxe, Rossman Saxe, P.C., 2145 Crooks Road, Suite 220, Troy, Michigan 48084, Attorneys for the Zaima Entities.

If a response or answer is timely filed and served, the clerk will schedule a hearing on the Motion and you will be served with a notice of the date, time, and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief requested in the Motion and may enter an order granting the relief requested in the Motion.**

KILPATRICK & ASSOCIATES, P.C.

By:   /s/ Richardo I. Kilpatrick
       Richardo I. Kilpatrick (P35275)
       Bonita S. Hoffman (P48738)
       *Attorneys for Chapter 7 Trustee,*
       *Charles L. Wells, III*
       903 N. Opdyke Road, Suite C
       Auburn Hills, MI 48326
       (248) 377-0700
Dated: August 12, 2016   ecf@kaalaw.com

# UNITED STATED BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION-DETROIT

IN THE MATTER OF:

CLEMENTS MANUFACTURING
LIQUIDATION COMPANY, L.L.C.,

        Debtor.

Case No.: 09-65895-TJT
Honorable Thomas J. Tucker
Chapter 7

_____/

## PROOF OF SERVICE

Karen O'Nail states that on the 12th day of August, 2016, she served a copy of the MOTION TO COMPROMISE AND SETTLE ADVERSARY CASE NOS. 10-06123-TJT AND 10-07341-TJT, the PROPOSED ORDER, the NOTICE OF MOTION, the BRIEF IN SUPPORT, and this PROOF OF SERVICE upon the following parties with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Jayson E. Blake, Esq.    jeb@millerlawpc.com

Emily Hughes, Esq.    eeh@millerlawpc.com

Mark Christian Rossman, Esq.  mark@rossmanlawpc.com

Doron Yitzchaki, Esq.    DYitzchaki@dickinsonwright.com

Mark V. Heusel, Esq.    mheusel@dickinsonwright.com

And by First Class mail and depositing postage paid into a mail receptacle in the City of Auburn Hills, MI to

Jayson E. Blake, Esq
Miller Law, P.C.
950 W. University Ste 300
Rochester, MI 48307


Emily Hughes
Miller Law, P.C.
950 W. University Ste 300
Rochester, MI 48307

Mark Christian Rossman
Rossman Law P.C.
2145 Crooks Rd, Ste 220
Troy, MI 48084

Doron Yitzchaki, Esq.
Dickinson, Wright
350 S. Main Street Ste 300
Ann Arbor, MI 48104

Mark V. Heusel
Dickinson Wright PLLC
301 E. Liberty Ste 500
Ann Arbor, MI 48104

/s/ Karen O'Nail
An Employee of Kilpatrick & Associates, P.C.
KILPATRICK & ASSOCIATES, P.C.
903 N. Opdyke Road, Suite C
Auburn Hills, MI 48326
(248) 377-0700
ecf@kaalaw.com